

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

FILED

JAN    2012

MICHAEL E. KUNZ, Clerk
By._____ Dep. Clerk

| | | |
|---|---|---|
| Will Salley<br>8547 Temple Road<br>Philadelphia, PA  19150, | : <br> : <br> : <br> : | **12        459** |
| Plaintiff | : | |
| v. | : | Civil Action No. |
| Vericrest Financial, Inc.<br>715 Metropolitan Avenue<br>Oklahoma City, OK  73108, | : <br> : <br> : <br> : | |
| The Bank of New York Mellon Corporation<br>d/b/a The Bank of New York Mellon, as Trustee<br>for CIT Home Equity Loan Trust 2002-1<br>One Wall Street<br>New York, NY  10286, | : <br> : <br> : <br> : <br> : <br> : | |
| Gregory Javardian, d/b/a Law Offices of<br>Gregory Javardian<br>1310 Industrial Boulevard<br>1st Floor, Suite 101<br>Southampton, PA  18966, | : <br> : <br> : <br> : <br> : <br> : | |
| Powers, Kirn & Javardian, LLC<br>1310 Industrial Boulevard<br>1st Floor, Suite 101<br>Southampton, PA  18966, | : <br> : <br> : <br> : <br> : | |
| and | : | |
| Meghan K. Boyle<br>1310 Industrial Boulevard<br>1st Floor, Suite 101<br>Southampton, PA  18966, | : <br> : <br> : <br> : <br> : | |
| Defendants | : | |

**COMPLAINT**

## Preliminary Statement

1.      This is an action for damages and other relief brought by an individual consumer

for Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §

1692 *et seq.*, the Pennsylvania Fair Credit Extension Uniformity Act ("FCA"), 73 P.S. § 2270.1

*et seq.*, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("CPL"), 73

P.S. § 201-1 *et seq.*, which prohibit debt collectors and creditors from engaging in abusive,

deceptive, and unfair practices, and for breach of contract.

## Jurisdiction and Venue

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is

proper in that the Defendants transact business here and the conduct complained of occurred

here.

## Parties

3.      Plaintiff Will Salley ("Plaintiff" or "Mr. Salley") is a natural person residing at

8547 Temple Road, Philadelphia, PA 19150.

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. §1692a(3) and the

FCA, 73 P.S. § 2270.3.

5.      Defendant Vericrest Financial, Inc. ("Vericrest" or "the servicer") is a mortgage

servicing company doing business in Pennsylvania and elsewhere, with a principal place of

business located at 715 Metropolitan Avenue, Oklahoma City, OK 73108.

6.     At all relevant times, Vericrest has purported to hold servicing rights to a mortgage on Mr. Salley's home.

7.     To the extent that Vericrest holds servicing rights to the mortgage on Mr. Salley's home, it obtained the rights after the mortgage debt was in default.

8.     The principal purpose of Vericrest is the collection of debts using the mails and telephone, and Vericrest regularly attempts to collect debts alleged to be due another.

9.     Vericrest is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and the FCA, 73 P.S. § 2270.3. In the alternative, Vericrest is a "creditor" as defined in the FCA, 73 P.S. § 2270.3.

10.     Defendant The Bank of New York Mellon Corporation ("BNY" or "Trustee") is a bank that serves as the trustee for a securitized loan trust that purports to include the mortgage in question. It does business with regard to that loan trust as "The Bank of New York Mellon as Trustee for CIT Home Equity Loan Trust 2002-1" and under that name filed a foreclosure action concerning the mortgage at issue. It has a headquarters and principal place of business located at One Wall Street, New York, NY 10286.

11.     At all relevant times, BNY has purported to be the mortgagee by assignment of a mortgage on Mr. Salley's home.

12.     To the extent that BNY is the assignee of the mortgage on Mr. Salley's home, it was assigned the mortgage after the mortgage debt was in default.

13.     BNY is a "creditor" as defined in the FCA, 73 P.S. § 2270.3.

14.     Defendant Gregory Javardian d/b/a Law Offices of Gregory Javardian ("Javardian Law Offices") is the principal of a law office known as Law Offices of Gregory Javardian, with a

principal place of business at 1310 Industrial Boulevard, 1st Floor, Suite 101, Southampton, PA 18966.

15.     The principal purpose of Javardian Law Offices is the collection of debts using the mails and telephone, and Javardian Law Offices regularly attempts to collect debts alleged to be due another.

16.     Javardian Law Offices is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

17.     Defendant Powers, Kirn & Javardian, LLC ("PK&J") is a limited liability corporation engaged in the practice of law, with a principal place of business at 1310 Industrial Boulevard, 1st Floor, Suite 101, Southampton, PA 18966. It does business under the name "Law Offices of Gregory Javardian."

18.     The principal purpose of PK&J is the collection of debts using the mails and telephone, and PK&J regularly attempts to collect debts alleged to be due another.

19.     PK&J is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

20.     Defendant Meghan K. Boyle ("Boyle") is a natural person employed as an attorney at Javardian Law Offices, or in addition or in the alternative employed as an attorney at PK&J. She has a principal place of business at 1310 Industrial Boulevard, 1st Floor, Suite 101, Southampton, PA 18966.

21.     In her capacity as an attorney, Boyle's principal purpose is the collection of debts using the mails and telephone, and Boyle regularly attempts to collect debts alleged to be due another.

22.     Boyle is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Factual Allegations

23.     Mr. Salley is a 71 year-old homeowner. He subsides on a fixed income from Social Security.

24.     Mr. Salley has owned his home at 8547 Temple Road, Philadelphia, PA 19150, since 1974.

25.     On or about July 18, 2000, Mr. Salley took out a mortgage loan on his home from Option One Mortgage Corporation ("Option One"). The mortgage was recorded with the City of Philadelphia Department of Records on July 24, 2000 under Document ID No. 50123448, is incorporated herein as a public record, and is referred to herein as "the mortgage."

26.     Pursuant to a chain of assignments recorded with the City of Philadelphia Department of Records, including assignments from Option One to The CIT Group/Consumer Finance, Inc. ("CIT") recorded with the City of Philadelphia Department of Records on August 15, 2001 under Document ID No. 50311112, and from CIT to BNY recorded with the City of Philadelphia Department of Records on January 31, 2011 under Document ID No. 52309587, both of which are incorporated herein as public records, Defendant BNY purports to be the assignee of the mortgage.

27.     On or about March 16, 2011, Vericrest and BNY caused a mortgage foreclosure complaint to be filed and served on Mr. Salley ("the foreclosure complaint"). The action was brought in the Philadelphia Court of Common Pleas under the caption *The Bank of New York Mellon, as Trustee for CIT Home Equity Loan Trust 2002-1 v. Will Salley, Alias: Will Salley, Jr.*, March Term 2011, No. 1468. A copy of the foreclosure complaint, omitting the cover sheets and exhibits thereto, is attached hereto as Exhibit "A".

28.     The foreclosure complaint was signed by Boyle in her capacity as an attorney at the Javardian Law Offices, or in addition or in the alternative, in her capacity as an attorney at PK&J.

29.     The foreclosure complaint was served on Plaintiff at the direction of Javardian Law Offices, or in addition or in the alternative, at the direction of PK&J, or in addition or in the alternative, at the direction of Boyle.

30.     Although the nominal plaintiff in the foreclosure case was BNY, it was Vericrest who directly or indirectly made the decision to file the foreclosure complaint, it was Vericrest who directly or indirectly provided its attorneys with the information contained in the allegations of the foreclosure complaint, it was an employee or agent of Vericrest who verified the foreclosure complaint, and it was the address of Vericrest that was used as the address of the plaintiff in the caption and body of the foreclosure complaint. The foregoing is averred on information and belief.

31.     The foreclosure complaint averred that U.S. Bank was the assignee of the mortgage and that Mr. Salley had defaulted on the mortgage loan.

32.     The foreclosure complaint alleged at paragraph 6 as follows:

> "The Mortgage is now in default due to the failure of Defendant to make payments as they become due and owing. As a result of the default, the following amounts are due:

| | |
|---|---:|
| Principal Balance | $48,525.48 |
| Interest to 3/14/2011 | $5,784.61 |
| Accumulated Late Charges | $272.10 |
| Deferred modification amounts | $29,644.44 |
| Deferred Escrow | $13,648.43 |
| Deferred Fees | $2,476.75 |
| Escrow/Impound | $924.27 |
| Property inspection | $10.75 |

| | |
|---|---|
| Appraisal | $90.00 |
| Cost of Suit and Title Search | $550.00 |
| Attorney's Fees | $1,300.00 |
| Less Unapplied Funds | ($655.34) |
| TOTAL | $102,571.49 |

plus interest from 3/15/2011 at $9.44 per day, costs of suit and attorney's fees."

33.     In causing the foreclosure complaint to be filed and served, Defendants intended Mr. Salley to believe, and "the least sophisticated consumer" would in fact believe from reading the foreclosure complaint, that the amounts set forth therein as due were actually due from the borrower.

34.     Defendants' acts as described above were done intentionally with the purpose of coercing Mr. Salley to pay the amounts claimed in the foreclosure complaint as due, or if that failed, to recoup those amounts from Mr. Salley's equity in his home upon or after sheriff's sale.

35.     To the extent that Defendants Vericrest and BNY have any interest in the mortgage or the underlying loan, they have such interest as successors in interest to The CIT Group/Consumer Finance, Inc.

36.     As successors in interest to The CIT Group/Consumer Finance, Inc., Defendants Vericrest and BNY are bound by all promises and subject to all agreements made by The CIT Group/Consumer Finance, Inc. with reference to the mortgage and the underlying loan.

37.     Defendants had no right to maintain a claim against Mr. Salley for the "Deferred modification amounts," "Deferred Escrow," and "Deferred Fees" (collectively, "the disputed amounts") set forth in paragraph 6 of the foreclosure complaint.

38.     The disputed amounts totaled $45,769.32, almost half of the total amount claimed in the foreclosure complaint.

39.     The allegation in the complaint that the disputed amounts were due was false and deceptive.

40.     The allegation in the complaint that the total amount of $102,571.49 was due was false and deceptive.

41.     The Defendants' claim to the disputed amounts prevents Mr. Salley from resolving the foreclosure action and saving the home he has owned for 37 years.

42.     On July 8, 2011, Mr. Salley's attorney sent a letter to Gregory Javardian, Esquire, the principal at Javardian Law Offices, explaining that the claims for "Deferred modification amounts," "Deferred Escrow," and "Deferred Fees" were improper, that the foreclosure plaintiff's demand for those amounts violated the FDCPA and FCA, and that Mr. Salley sought an amicable resolution to the dispute in lieu of litigation.

43.     On or about August 10, 2011, the Javardian Law Offices, by Robert M. Kline, Esquire ("Kline"), responded by letter to Mr. Salley's attorney. In the letter, Klein denied that the complaint contained claims that gave rise to any violation of the FDCPA or FCA and asserted that the calculations contained in the foreclosure complaint appeared correct.

### Claims

### First Count: Violation of FDCPA
### (Against Vericrest, Javardian Law Offices, PK&J, and Boyle)

44.     All previous averments are incorporated herein by reference.

45.     Defendants' actions violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in ways including, but not limited to the following:

        a.      Defendants violated 15 U.S.C. § 1692e by using false representations and deceptive means to collect a debt.

b.      Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character of the alleged debt.

c.      Defendants violated 15 U.S.C. § 1692e(2)(B) by falsely representing the compensation which may be lawfully received for the collection of a debt.

d.      Defendants violated 15 U.S.C. § 1692f(1) by demanding fees or charges not expressly authorized by the agreement creating the debt or permitted by law.

46.     As a result of the acts of Defendants alleged above, Plaintiff's equity in his home is reduced by approximately $45,769.32, the amount of the improper charges, and he faces the loss of his home to foreclosure. In addition, Plaintiff has suffered aggravation, humiliation, embarrassment, anxiety, sleeplessness, loss of appetite, fear of answering the door, fear of opening the mail, and feelings of worthlessness and helplessness.

47.     As a result of Defendants' violations of the FDCPA, Defendants are liable to Plaintiff for declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

## Relief Requested

**WHEREFORE**, Plaintiff requests that the Court enter judgment against Defendants Vericrest, Javardian Law Offices, PK&J, and Boyle for the following:

a.      Declaratory judgment that Defendant's conduct violated the FDCPA;

b.      Actual damages;

c.      Statutory damages pursuant to 15 U.S.C. § 1692k;

d.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

e.      Such other and further relief as may be just and proper.

## Second Count: Violation of FCA/Unfair and Deceptive Practices
## (Against Vericrest and BNY)

48.     All previous averments are incorporated herein by reference.

49.     Defendants violated the Pennsylvania Fair Credit Extension Uniformity Act

("FCA"), 73 P.S. § 2270.1 et seq.

50.     To the extent that Defendant Vericrest is a "Debt Collector" as defined in the

FCA, Defendant violated the FCA, 73 P.S. § 2270.4(a), for the reasons set forth in Count I,

above.

51.     To the extent that either Defendant Vericrest or Defendant BNY, or both of them,

are "Creditors" as defined in the FCA, such Defendants violated the FCA, 73 P.S. § 2270.4(b).

Such Defendants' violations include, but are not limited to, the following:

      a.     The Defendants violated 73 P.S. § 2270.4(b)(5)(x) by using false

representations and deceptive means to collect a debt.

      b.     The Defendants violated 73 P.S. § 2270.4(b)(6)(i) by demanding fees or

charges not expressly authorized by the agreement creating the debt or permitted by law.

52.     Pursuant to 73 P.S. § 2270.5, Defendants' actions in violation of the FCA

constitute violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law

("CPL"), 73 P.S. § 201-1, et seq.

53.     As a result of the acts of Defendants alleged above, Plaintiff's equity in his home

is reduced by $45,769.32, the amount of the improper charges, and he faces the loss of his home

to foreclosure. In addition, Plaintiff has suffered aggravation, humiliation, embarrassment,

anxiety, sleeplessness, loss of appetite, fear of answering the door, fear of opening the mail, and

feelings of worthlessness and helplessness.

54.     As a result of the above violations of the FCA and CPL, Defendants are liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, treble damages, and attorney's fees and costs, pursuant to 73 P.S. § 201-9.2.

### Relief Requested

**WHEREFORE,** Plaintiff requests that the Court enter judgment against Defendants Vericrest and BNY for the following:

      a.     Declaratory judgment that Defendants' conduct violated the FCA;

      b.     Actual damages;

      c.     Statutory damages pursuant to 73 P.S. § 201-9.2;

      d     Treble damages pursuant to 73 P.S. § 201-9.2;

      e.     Costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2; and

      f.     Such other and further relief as may be just and proper.

### Third Count: Breach of Contract
### (Against Vericrest and BNY)

55.     All previous averments are incorporated herein by reference.

56.     On or about February 13, 2009, Plaintiff entered into a written contract ("the Contract") with Option One Mortgage Corporation and The CIT Group/Consumer Finance, Inc. with reference to the mortgage and the underlying loan.

57.     As successors in interest to The CIT Group/Consumer Finance, Inc., Defendants Vericrest and BNY are bound by all promises and subject to all agreements made by The CIT Group/Consumer Finance, Inc. with reference to the mortgage and the underlying loan, including but not limited to the terms of the Contract.

58.     Defendants' actions in claiming that the disputed amounts were due and in

requiring payment of the disputed amounts in order to avoid foreclosure violated Defendants'

obligations pursuant to the Contract.

59.     As a result of Defendants' violation of their contractual obligations, Plaintiff's

equity in his home is reduced by $45,769.32 and he faces the loss of his home to foreclosure.

### Relief Requested

**WHEREFORE,** Plaintiff requests that the Court enter judgment against Defendants

Vericrest and BNY in the amount of $45,769.32, and that it grant such other and further relief as

may be just and proper.

Dated: January 27, 2011                    /s/ Peter D. Schneider
                                           PETER D. SCHNEIDER
                                           Attorney for Plaintiff
                                           Pa. Id. No. 40351
                                           COMMUNITY LEGAL SERVICES, INC.
                                           1424 Chestnut Street
                                           Philadelphia, PA 19102
                                           215-981-3718
                                           pschneider@clsphila.org